UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 1:10-cr-137 |
| | ) | Judge Collier |
| JAMES GAMBLE | ) | |

<u>MEMORANDUM ON RESTITUTION</u>

Comes the United States of America, by and through its United States Attorney William C. Killian, United States Attorney for the Eastern District of Tennessee, and Assistant United States Attorney James T. Brooks, and respectfully offers this memorandum of law regarding the restitution in this case.

1. Introduction.

Defendant has pleaded guilty to possessing numerous images of child pornography. Some of the images are part of a series of images designated by the pseudonym "Vicky," so-named to protect the identity of the child depicted. The defendant had a file-sharing program but at the time of the search warrant, there were no child pornography files in the file sharing program. However, the file sharing program did at some point contain child pornography, because that is how the defendant was detected. The defendant possessed one video file of the Vicky series. Within the one video, there are four segments of Vicky. They include Vicky performing oral sex on an adult male; digital penetration on Vicky; the use of a sex toy; and a sexually suggestive pose. Vicky is now an adult and has suffered immense psychological damage due to both the initial sexual abuse she suffered as well as from the trauma caused by the continued viewing and distribution of the images of her sexual abuse.

This Court has proposed a methodology for setting restitution in this case. (*See* Doc. 48, Memorandum and Order.) The government and the defendant in this matter concur with the Court's proposed methodology and will brief the issue of restitution and apply the Court's suggested method.

2. Factors For Consideration

A. Vicky's Losses

Vicky's entire losses are $1,085,718.09 at the time of the filing of this memorandum. The parties recognize that this estimation will fluctuate between now and the hearing on restitution. The total losses are comprised of future counseling expenses, educational and vocational counseling needs, lost earnings, and out-of-pocket expenses incurred relative to restitution documentation. Vicky has received $762,034.15 in restitution payments so far. Counsel for Vicky also states that in this particular matter, Vicky has incurred an additional $5,250 in attorney's fees based on work related to the appeal in this case, including the filing of an amicus brief.

B. Distribution—Reproduction—Viewing by Others

The government has no specific information that the defendant re-distributed Vicky's images, or that the defendant reproduced the images. As for whether the defendant permitted others to view the images, the government is uncertain whether or not the defendant stored Vicky's image in a file-sharing program. The forensic report does not permit a specific finding of when, or who, or even if, the defendant shared Vicky's images.

C. Connection With the Original Producer

There is no evidence that the defendant had any connection with the original producer.

D. Number of Images—Kind of Images

The defendant possessed one video file of the Vicky series and the video included sexual assault as described above and the government submits the Court should find that the offense is a Tier III offense. The government notes that counsel for Vicky has reviewed the Court's proposed method for determining restitution and submits that based on the severity of the Vicky videos (as the government has also noted above) the Court should find the videos are Tier II. The government will more thoroughly discuss the nature of the images at the hearing of this matter.

3. CONCLUSION

In conclusion, the government concurs in the Court's suggested methodology of determining restitution. Based on the factors listed above the government contends that this is a Tier III case and that restitution between $2,000 and $3,500 would be appropriate.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

By: *s/James T. Brooks*
James T. Brooks
Assistant U.S. Attorney
1110 Market Street, Ste. 515
Chattanooga, TN 37421
423.752.5140

CERTIFICATE OF SERVICE

     I hereby certify that on July 23, 2015, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Courts electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                                     s/James T. Brooks
                                                                     James T. Brooks
                                                                     Assistant U.S. Attorney